UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. 3:19-CR-178-K |
| | § | |
| ANDREW ASHFORD, | § | |
| | § | |
|     Defendant. | § | |

## FACTUAL RESUME

In support of the defendant's plea of guilty to the one-count Indictment[1] charging a violation of 18 U.S.C. § 922(g)(1), Andrew Ashford and his attorney, Assistant Federal Public Defender Laura S. Harper, stipulate and agree to the following:

## I.  ELEMENTS OF THE OFFENSE

The elements of a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) are as follows:

1.  That the defendant knowingly possessed a firearm.  The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosion;

2.  Before the defendant possessed the firearm, a court of law convicted him of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense; and

3.  The possession of the firearm was in or affected interstate commerce; that is, at some time before the defendant possessed the firearm, it had traveled from one state to another.

---

[1] There is one substantive count and one forfeiture notice.  Mr. Ashford agrees to forfeit to the government his interests in the property noted in the Indictment.  Mr. Ashford also does not oppose the Government's future filing/submission of a Motion and a Proposed Order to this District Court seeking the forfeiture of the aforementioned property.  Mr. Ashford further agrees that the Government may cite to this footnote to support its Certificate of Conference in the aforementioned future Forfeiture Motion.

## II.  PUNISHMENT FOR THE OFFENSE

The maximum penalties a sentencing court can impose for a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) include the following:

1.    imprisonment for a period not to exceed ten (10) years;

2.    a fine not to exceed two-hundred-fifty-thousand dollars, or twice any pecuniary gain to the defendant or loss to the victim(s);

3.    the sentencing court may impose a term of supervised release not to exceed three years; if the defendant violates the conditions of supervised release, he could be imprisoned for up to three years, but for no more than two years at one time;

4.    a mandatory special assessment of one-hundred dollars; and

5.    restitution to victims or to the community, which is mandatory under the law.

## III.  SENTENCING IN THIS CASE

Mr. Ashford has discussed the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the District Court after it has considered the applicable statutes, the Sentencing Guidelines, and the factors included in 18 U.S.C. § 3553(a). However, neither the Sentencing Guidelines nor 18 U.S.C. § 3553(a) are binding and the District Court, in its discretion, may sentence Mr. Ashford to the statutory maximum penalties, if that is a reasonable sentence.  Mr. Ashford understands that if the District Court imposes a sentence greater than he expects, he will not be able to withdraw his plea of "guilty" based solely upon that higher sentence as long as the sentence is within the statutory maximum punishment.

Congress has abolished parole so if the District Court sentences Mr. Ashford to a term of imprisonment, he understands that he will not be released on parole.  Mr. Ashford understands that a conviction for the instant offense is a felony conviction and that a felony conviction may deprive

him of valuable civil rights, including the right to vote, the right to hold public office, the right to sit on a jury, and the right to possess a firearm.

## IV.  CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

Mr. Ashford understands that he has the following constitutional rights:

1. the right to plead not guilty to the charged offense;

2. the right to have a speedy trial by a jury in this District;

3. the right to have his guilt proven beyond a reasonable doubt;

4. the right to confront and cross-examine witnesses and to call and subpoena witnesses and material in his defense; and

5. the right to not be compelled to incriminate himself.

Mr. Ashford waives the aforementioned rights and pleads guilty to the offense alleged in the one-count Indictment charging him with violating 18 U.S.C. § 922(g)(1).  Mr. Ashford understands the nature and the elements of the offense to which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

## V.  STIPULATED FACTS

Mr. Ashfrd admits that on or about January 29, 2019, in the Dallas Division of the Northern District of Texas, he possessed a firearm. Specifically, Mr. Ashford possessed a Smith & Wesson 9 millimeter handgun, bearing serial number FWJ5362. The firearm was not manufactured in the state of Texas and, therefore, had traveled in interstate commerce prior to entering Mr. Ashford's custody. Mr. Ashford admits that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year and that he knowingly and unlawfully possessed the firearm. This violates 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## VI.  VOLUNTARINESS OF THE PLEA OF GUILTY

Mr. Ashford has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offense, the statutory penalties, and the Sentencing Guidelines and 18 U.S.C. § 3553(a) with his attorney.  Mr. Ashford has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document.  Mr. Ashford concedes that he is guilty of the single-count in the Indictment, and he concludes that it is in his best interests to plead guilty instead of going to trial.

AGREED TO AND SIGNED this $\underline{2\,1}$ day of $\underline{Dec}$ , 2020.

ANDREW ASHFORD
Defendant

LAURA S. HARPER
Assistant Federal Public Defender
Northern District of Texas
Texas Bar No. 24012789
525 Griffin Street, Suite 629
Dallas, Texas  75202
214.767.2746

4